IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT NAVE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 03-CV-0845-CVE-FHM |
| ) | |
| WARDEN D. MILLER, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 10) Petitioner, a state inmate appearing *pro se*, did not file a response to the motion. Respondent's motion is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition is untimely and Respondent's motion to dismiss should be granted.

## *BACKGROUND*

Petitioner was convicted by a jury of Abuse of a Minor Child, in Tulsa County District Court, Case No. CF-1999-3037. He was sentenced to twenty-three (23) years imprisonment. Petitioner appealed his Judgment and Sentence to the Oklahoma Court of Criminal Appeals ("OCCA") where, on March 19, 2002, his Judgment and Sentence was affirmed (Dkt. # 11, Ex. 1). Nothing in the record indicates Petitioner sought *certiorari* review in the United States Supreme Court.

On March 13, 2003, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 11, Ex. 2. By order filed June 12, 2003, the requested relief was denied. Id., Ex. 3. Petitioner appealed and by order filed June 24, 2003, the OCCA affirmed the denial of post-conviction relief. Id., Ex. 4.

On December 10, 2003, Petitioner filed the instant federal petition for writ of habeas corpus (Dkt. # 1).

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C),

2

and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on June 17, 2002, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on June 17, 2002, and, absent a tolling event, a federal petition for writ of habeas corpus filed after June 17, 2003, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Pursuant to § 2244(d)(2), the limitations period was suspended during the time Petitioner had "a properly filed application for State post-conviction or other collateral review" pending in the state courts. On March 13, 2003, Petitioner filed an application for post-conviction relief. The application was filed 96 days prior to the June 17, 2003, deadline. Pursuant to § 2244(d)(2), the limitations clock stopped running on March 13, 2003, and did not begin to run again until the state courts completed review of Petitioner's properly filed post-conviction proceeding. The OCCA affirmed the denial of post-conviction relief on June 24, 2003. Thus, the federal limitations period was tolled from March 13, 2003, through June 24, 2003, or for 103 days. At that point, the limitations clock began to run again. Once the limitations clock began to run again, Petitioner had to file his federal petition within 96 days, or by September 28, 2003. The petition in this matter was not received for filing until December 10, 2003, or more than two (2) months out of time.

Accordingly, the petition appears to be untimely and should be dismissed unless Petitioner demonstrates entitlement to statutory or equitable tolling of the limitations period.

Petitioner did not file a response to the motion to dismiss. Nothing in the record suggests Petitioner is entitled to equitable or statutory tolling of the limitations period. Therefore, the Court finds that the petition filed December 10, 2003, is barred by the statute of limitations and shall be dismissed with prejudice.

### *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Therefore, the petition for writ of habeas corpus should be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 10) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

**IT IS SO ORDERED** this 27th day of January, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT